In re BONER.

(District Court, N. D. Ohio, W. D. November 9, 1910.)

No. 1,516.

1. BANKRUPTCY (§ 228*)—PROCEEDINGS BY REFEREE—REVIEW OF FINDINGS OF FACT.

The court is not disposed to disturb findings of fact by the referee in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 387; Dec. Dig. § 228.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MECHANICS' LIENS (§ 156\*)—NOTICE TO OWNER—VERBAL NOTICE—"NOTIFY."
  Under Rev. St. Ohio, § 3185, providing that a person filing an affidavit or a mechanic's lien shall within 30 days thereafter notify the owner of · the property, his agent, or attorney that he claimed such lien, verbal notice is sufficient. The word "notify" as generally used does not imply the use of writing; it meaning simply to convey information, knowledge, or notice in whatever way.

  [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 187; Dec. Dig. § 156.\*

  For other definitions, see Words and Phrases, vol. 5, pp. 4845, 4846.]

In the matter of John T. Boner, bankrupt. Heard on petition by creditor to review an order of the referee. Petition dismissed.

L. F. Conway and W. P. Duffy, for petitioners.

Thomas Mulcahy, for bankrupt.

J. R. Linthicum and C. R. McComb, for trustee.

KILLITS, District Judge. This case is before the court upon a petition by a creditor to review the order of the referee ascertaining the priority of liens. The question as certified by the referee is as follows:

"The bankrupt was the owner of several parcels of real estate, among which was inlot No. 194, in Napoleon, Ohio. Said real estate has all been sold by the trustee and a meeting was held to determine priorities among lienholders. Leonhart Bros., of Napoleon, are claiming the first lien upon said inlot No. 194, and C. W. Fisher, a subsequent lienor, contends that the lien of said Leonhart Bros. is null and void for the reason that the notice required by section 3185, R. S. of Ohio, was not given.

"The questions presented are: (1) Was there any notice of any kind? (2) If there was verbal notice, was that sufficient?"

The referee answered both of these questions in the affirmative, and sustained the lien of Leonhart Bros., which depended upon a verbal notice, if any.

[1] Whether or not verbal notice was given depends upon the consideration of conflicting testimony. The referee had the witnesses before him and was better able to judge of their respective credibilities than is the court on review, and we are not, for that reason, disposed to disturb his finding of fact; yet in the transcript it would appear that the more convincing evidence suggested that a verbal notice to the debtor was in fact given.

[2] We think, also, that the referee was right in determining that, under the statute in question, a verbal notice was sufficient. The statute, which is now section 8315, General Code, provides:

"Such person so filing the affidavit herein provided shall, within thirty days thereafter, notify the owner of the property, his agent or attorney, that he claims such lien, and, if he fail to do so, the lien so secured shall be null and void."

The word "notify," as generally used, does not imply the use of writing. It means simply to convey information, knowledge, or notice, in whatever way. Words of a statute are to be construed according to the ordinary usage and are to be given their ordinary and general significance, unless there is found in the statute itself or in the

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

policy of its enactment some reason to modify or restrict their meanings. Favorite v. Boohers, 17 Ohio St. 548–554; Matter of Hathaway, 4 Ohio St. 385.

We see nothing in either the language or the policy of the section under consideration to require a limitation of the word "notify" to an act in writing. The filing of a mechanic's lien is constructive notice to all creditors or to parties thereafter furnishing materials to the debtor of the lien, and the law means also to secure knowledge to the debtor of the fact that his property is under a lien and casts the duty of imparting that information upon the lienholder. How that notice is given, whether in writing or verbally, provided also that it is timely and actual, seems immaterial, and not a question at all involved in the law's policy, which is that nothing more than an actual notice directly to the debtor from the lienholder should be given.

A similar use of this word in a like statute has been construed as we construe it in another state. Vinton v. Builders' & Manufacturers' Association, 109 Ind. 351, 9 N. E. 177.

We see no lack of harmony between this decision and the decision in Moore v. Given, 39 Ohio St. 661.

The petition to review is dismissed, at the costs of the petitioning creditor