JESSIE ANGELL et al., Doing Business as SCHOPFER COURT, Landlords, *v.* ALICE McINERNEY, Tenant.

Municipal Court of Syracuse, November 26, 1943.

*Higgins, O'Hara & Young* for landlords.

*Higbee & Fuess* for tenant.

McCLUSKY, J. This is a summary proceeding brought to evict tenant upon ground of creating a nuisance. Two questions are presented, first the existence of a nuisance, and second the proper service of a notice of termination of tenancy.

As to the first question it must be resolved as a question of fact in favor of the landlords.

The second question is one which involves the construction of section 232-b of the Real Property Law. From the evidence presented the tenancy was one from month to month. Therefore the provisions of section 228 of the Real Property Law do not apply. Section 232-a of the same law applies to New

York City alone and provides a mandatory method of terminating a tenancy. The section under consideration differs conspicuously from both section 228 and section 232-a aforesaid in not specifying the manner of termination of a month-to-month tenancy. It provides that such a tenancy may be terminated by either landlord or tenant notifying the other at least one month before the expiration of his term of his election to terminate. It is urged by the tenant that the requirements of the manner of serving a precept are the requirements which control here. The juxtaposition of the two sections mentioned and the requirement in one section for a specified mode of service of notice and the silence on that score in the subsequent section negative the argument of the tenant. The most obvious method of termination would be by written notice personally delivered. But it is equally obvious that situations will arise where personal service cannot be made. If the tenant is not home, but there is someone there of suitable age, by analogy with the requirements for termination of a tenancy at will, it may be left with a person of suitable age and discretion. But in the event the tenant is absent, no one else present, or neglects to answer the door, what method is to be employed? The main object is to insure the giving of notice of termination of tenancy. Affixing to the door of the dwelling or apartment would answer the requirement. But circumstances might be such that notice given in that manner would insure the tenant's not receiving notice. The service of notice to terminate a month-to-month tenancy is not a court proceeding. Accordingly the notice must be served in a manner calculated to attain the end, viz., notice to the tenant. McAdam in his work on Landlord and Tenant (5th ed., p. 792) notes that a tenancy from month to month requires one month's notice to quit to put an end to the term. *" This is not under any statute* but is probably due to its analogy to a tenancy at will or by sufferance which is for an indefinite term, and requires a notice of thirty days to terminate."

The distinction noted by Judge SENN is *Hand* v. *Knaul* (116 Misc. 714), insofar as notice is concerned, has been obliterated by section 232-b of the Real Property Law.

The proof in the case at bar shows that the tenant rented apartment No. 311 of Schopfer Courts in the city of Syracuse, N. Y., on the 6th day of May, 1943, at an agreed monthly rental payable in advance. On the 27th day of September, 1943, a notice in writing terminating the tenancy on November 6, 1943, signed by the manager of the apartments, was inclosed in an envelope addressed to the tenant and slid under the

door of apartment No. 311 aforesaid. The manager had tried to effect personal service on two other occasions on the same day, but the tenant was either absent or refused to answer. On November 6th the manager called the tenant's attention to the fact that according to the notice served on her she was to vacate the premises that day. Her answer was not to deny the receipt of the notice but to invite him to go to court. From the testimony presented I am of the opinion that service on the tenant was proper and timely and that she in fact had received the notice mentioned. I am likewise of the opinion that the method of service was proper.

An order may enter directing the issuance of a warrant of eviction, with costs.