SARAH SIEGEL, Landlord, *v.* WESLEY BOWERS, Tenant.

City Court of the City of Middletown, October 29, 1945.

*David Fishman* for landlord.

*Francis J. McCambridge, Area Rent Attorney, Poughkeepsie Defense-Rental Area,* for tenant.

FAULKNER, J. In June, 1943, the landlord, after having complied with the provisions of the Rent Regulation for Housing

(8 Fed. Reg. 14663, as amd.), instituted a summary proceeding to recover possession of the premises involved, upon a ground specified by paragraph (3) of subdivision (a) of section 6 of such Regulation (8 Fed. Reg. 14667), i.e., the commission of a nuisance by the tenant in that he harbored a dog therein which considerably annoyed other tenants in the dwelling. Before the proceeding was heard, the parties, represented by competent counsel, entered into a stipulation terminating the litigation which provided: (a) That the tenant would get rid of the dog; (b) that the tenant might surrender the premises by giving the required notice to the landlord; and (c) that the landlord might likewise repossess the premises by giving the tenant a thirty days' notice by registered mail.

Relying upon the stipulation, the landlord, after many months, gave such notice and applied ex parte for a final order and warrant, which was granted. The tenant refused to recognize the agreement he had made and enlisted the services of the Office of the Rent Director for the Defense-Rental Area for this district, which maintains that the stipulation is nugatory as it attempts a circumvention of the rent regulation, enacted for the benefit of tenants.

The landlord's position is that a due compliance with such regulation resulted in a properly instituted summary proceeding upon a ground recognized by them, which proceeding was then concluded by the valid stipulation referred to, and that such stipulation is presently and validly effective. This is answered by the Office of the Rent Director for the Defense-Rental Area by an assertion that the proceeding instituted upon the ground of the maintenance of a nuisance was concluded by the tenant's agreement to get rid of the dog, and that the other provisions of the stipulation were null and void because contrary to the rent regulation. The question to be determined is as to the effect of the stipulation.

In the case of *Morse* v. *Morse Dry Dock & Repair Co.* (249 App. Div. 764) the Appellate Division of the Second Department held that courts look with favor on a stipulation which is reasonable and not against good morals or *sound public policy* (italics mine) and such then becomes the law of the case, even though such stipulation affects the statutory and constitutional rights of the parties to the agreement. In addition to the many cases cited by the court, the Court of Appeals in *Matter of Malloy* (278 N. Y. 429) has similarly determined.

Counsel for neither side has been able to cite any New York case where the question of the effect of a stipulation involved the rent regulation and the court has been just as unsuccessful

The purposes of the Emergency Price Control Act of 1942 are fully set forth in section 1 of title I thereof (U. S. Code, tit. 50, Appendix, § 901). One of such purposes is " to eliminate and prevent * * * disruptive practices resulting from abnormal market conditions or scarcities caused by or contributing to the national emergency * * *."

Under this purpose it was unquestionably declared to be a policy that every reasonable protection should be thrown around tenants so that for this or that reason they might not be thrown out of their homes to add to an already great confusion due to the existence of war. Subdivision (g) of section 2 of such Act (U. S. Code, tit. 50, Appendix, § 902, subd. [g]) provides as follows: " Regulations, orders, and requirements under this Act may contain such provisions as the Administrator deems necessary to prevent the circumvention or evasion thereof."

The regulation issued pursuant to the Emergency Price Control Act of 1942 contains such provisions, among which are subdivision (d) of section 1 thereof, providing: " An agreement by the tenant to waive the benefit of any provision of this regulation is void " (8 Fed. Reg. 14664), and section 9, providing: " Evasion. * * * The maximum rents and other requirements provided in this regulation shall not be evaded, either directly or indirectly, in connection with the renting * * * or otherwise." (8 Fed. Reg. 14669.)

In the instant case there was never established that in fact a nuisance existed or if it had, then it had been abated by the putting away of the cause thereof.

In the face of the declared purpose of the Emergency Price Control Act of 1942, it cannot be dogmatically asserted that the stipulation was not " against sound public policy ".

In Knoelke v. Trapp, decided by the Circuit Court of Milwaukee County, Wis. (Commerce Clearing House, Price Control Cases, ¶ 51,726) the court held that the provisions of the Emergency Price Control Act and all regulations thereunder become part and parcel of any stipulation pertaining to any matter covered by them.

Since for the reasons given I am satisfied that the stipulation in question does not meet the requirements of those which have won the approval of the courts and is in contravention of the rent regulation issued under the Price Control Act, I have come to the conclusion that the petitioner is not entitled to the relief she seeks and I hereby vacate the order and warrant previously made by me.