ANNA L. BOLAND, Landlord, *v.* LLOYD BEEBE, Tenant.

Municipal Court of the City of Syracuse, April 15, 1946.

*George A. Langan* for landlord.

*John H. Hughes* for tenant.

SKERRITT, J. This is a summary proceeding brought by Anna L. Boland, landlord, against Lloyd Beebe, tenant, to evict him on a thirty-day notice in writing, which was served by mail. Neither party has served in the armed forces. There is no question as to the landlord's good faith, and little dispute as to the facts.

There are two questions to be decided: (1) Whether this thirty-day notice was properly served when served only by mail, and not by personal service; (2) whether the facts show an "immediate compelling necessity", within the meaning of paragraph (6) of subdivision (a) of section 6 of the Office of Price Administration's Rent Regulation for Housing (8 Federal Register 14668, as amd.).

As to the notice, it appears that the landlord had a conversation with the tenant in July, 1945, in which she requested him to move. But this oral notice is invalid under paragraph (1) of subdivision (d) of section 6 of the above-mentioned Office of Price Administration's Rent Regulation, which requires such notice to be in writing.

The notice on which the landlord relies is a thirty-day notice in writing, mailed to the tenant on February 25, 1946, which he received on the 27th, stating that the landlord wishes possession for her own use and occupancy on March 31st. The question has been raised as to whether this notice can be served by mail.

The sections of the Real Property Law which expressly relate to the termination of a tenancy by notice are sections 228, 230, 232-a and 232-b. Section 228, relating to a tenancy at will or by sufferance, requires a written notice, which must be served as therein provided. Section 230, which relates to the renewal of a lease, provides for a written notice, which must be served personally or by registered mail. Section 232-a, relating to tenancies in the city of New York, requires a written notice, and that it be served in the same manner as a precept. All three sections expressly require a written notice and expressly provide how it shall be served.

But when we come to section 232-b, enacted later, with reference to monthly and month-to-month tenancies outside of the city of New York, it merely provides for termination " by the landlord or the tenant upon his notifying the other at least one month before the expiration of the term * * *." Nothing is said about the form of notice or method of giving it. This is particularly significant in view of the express provisions for written notice and methods of service in the preceding sections.

By common usage the word " notify " simply means " to make known " (Webster's New International Dictionary [2d ed.]) and should be construed according to its ordinary usage, in the absence of a different meaning expressed or clearly implied, except in the case of a notice in a judicial proceeding. (*In re Boner*, 189 F. 93, 94.) In *Monaghan* v. *Kane* (186 Misc. 698) the court held that this section 232-b does not limit the manner of giving notice. In *Angell* v. *McInerney* (182 Misc. 412), it was held that sliding a written notice under the tenant's door is sufficient if the tenant receives it.

In my opinion the Legislature, when it enacted this section 232-b, intended to permit a more convenient and less formal notice than previously allowed, for the termination of these monthly and month-to-month tenancies outside of the city of New York. Service by mail, as in the case at bar, is as good as personal service, except that the latter is easier to prove when disputed. An oral notice would be equally good, were it not for the above-mentioned paragraph (1) of subdivision (d) of section 6 of the Office of Price Administration's Rent Regulation which requires notice in writing.

But of course any notice in whatever form which terminates a tenancy of any kind must be timely, definite and unequivocal. (*Besdine* v. *Leitner*, 166 Misc. 658.) Written notice and personal service, though not required under section 232-b, are always advisable.

As to the " immediate compelling necessity ", this paragraph (6) of subdivision (a) of section 6 of the Office of Price Administration's Rent Regulation, which section as amended became effective September 15, 1945 (10 Federal Register 11667), read in connection with other sections of the regulation, permits eviction on a thirty-day notice where the landlord, having acquired an enforcible right to possession of the property " prior to the effective date of regulation ", has an " immediate compelling necessity " to recover possession " for use and occupancy as a dwelling for himself ".

If the landlord is acting under such necessity her thirty-day notice is sufficient and she is entitled to immediate possession. If she is not under such necessity she cannot evict on this short notice, but must give a longer notice and pursue other remedies, one of which is provided in paragraph (1) of subdivision (b) of section 6 of said Regulation (8 Federal Register 14668, as amd.).

The landlord has owned for fourteen years and still owns a two-family flat located at No. 209 Rich Street in the city of Syracuse, and another two-family flat located next door at No. 211 Rich Street. She resides with her husband and daughter and two adult sons in the lower flat at No. 211, and seeks to obtain possession for her own use and occupancy of the lower flat at No. 209, occupied by the tenant and his wife under an oral month-to-month lease. The two lower flats are exactly alike, each having a living room, dining room, kitchen, bathroom and three bedrooms. Both upper flats are rented to other tenants.

The landlord and her family are seriously overcrowded. The daughter gives music lessons in this apartment; and one of the sons, recently married, has brought his wife there to live. The inconvenience is so serious that in my opinion it amounts to a necessity, perhaps a self-created necessity. But does it constitute an " immediate compelling necessity ", within the meaning of paragraph (6) of subdivision (a) of section 6?

This striking phrase, " immediate compelling necessity ", being a recent amendment, has as yet received but little judicial interpretation. The word " necessity " of course does not have a fixed character. It may have varying degrees of meaning, depending upon the circumstances; and it may be used in connection with other words which increase or diminish the urgency implied. (*M'Culloch* v. *State of Maryland,* 4 Wheat. [U. S.], 316, 414.)

Under ordinary circumstances, such as the " necessity " of taking private property for public use, the courts have recog-

nized the varying degrees of meaning which may attach to this word; as absolute necessity, something indispensable; or reasonable necessity, which may imply what is practical, or merely what is reasonably convenient. (*Oneonta Light & Power Co.* v. *Schwarzenbach,* 164 App. Div. 548, 556; *Matter of City of New York [8th Street],* 189 App. Div. 315, 318.)

In view of the housing situation at the time when this necessity phrase was adopted as an amendment, September 15, 1945, and the general purposes of the rent regulation, and the forceful words — " immediate compelling " — with which this word " necessity " is used, I think it implies great urgency. It is in my opinion clearly the language of emergency, and must be construed in the light of the nation-wide housing situation which has given rise to these Federal restrictions.

In the case at bar it would seem that the landlord's unmarried son, being employed at good wages, might find a furnished room elsewhere for a few months; or that the married son might find another apartment. If this cannot be done it serves as another example of the local housing crisis which confronts the tenant.

While this question as to " immediate compelling necessity " must of course be decided with reference to the circumstances of the landlord, I think the court should bear in mind the attitude and circumstances of the tenant, including his good faith as shown by the extent of his effort to find another apartment.

In this case the tenant is a railway signal man. His duties are exacting and his hours uncertain. He has lived in this apartment thirteen years. His wife is in poor health, and for the past two years has been under medical and hospital care. He has made many sincere efforts to find another apartment, and at all times has acted in good faith.

It is well known that the housing situation in the city of Syracuse is critical to the point of emergency. Any court charged with the responsibility of applying these housing laws and regulations at this time must take judicial notice of the emergency and exercise discretion commensurate therewith.

In this case there is no question of veracity or good faith on either side; nor is there any question that the landlord can obtain possession by giving a longer notice. The only question is whether the undisputed facts show an " immediate compelling necessity ", within the meaning of this rent regulation, so that this tenant can be evicted on a thirty-day notice. In my opinion the facts do not show such necessity.

Judgment for tenant; petition dismissed with costs.