CHARLOTTE C. DAGER, Landlord, *v.* LYNN LEONARD, Tenant.

Municipal Court of the City of Syracuse, June 26, 1946.

*Clarence Z. Spriggs* for landlord.

*Elmer L. Murray* for tenant.

McCLUSKY, J. This is a summary proceeding brought to secure possession of a lower flat at 2924 South Salina Street, for self-occupancy, upon the ground of an immediate compelling necessity.

The defense urges that the notice of termination is not sufficient in and of itself to accomplish its purpose and secondly that as a matter of law the necessity was self-created and, therefore, the plaintiff as a matter of law cannot succeed.

From the evidence submitted it appears that the landlord was and still is the owner of two two-family dwellings located at 2920 and 2924 South Salina Street in this city and that she has owned both premises for several years prior to October 1, 1942. That in March, 1945, she occupied the lower flat of the premises at 2920 South Salina Street; on or about March 1, 1945, she moved out of those premises and stored part of her furniture and entered a hospital for an operation. After leaving the hospital she lived with her sister in Oneida, New York, for a while. In the meantime she rented her former residence. About the same time she rented the flat involved here to the present tenant. About April 1, 1945, she moved to Onondaga Hill to reside with one Orson Toll and continued to reside there until April of this year, when Toll proceeded to remodel his house. She then served a written notice on the tenant at least one month before the termination of the rental period. Finding it impossible to live at Toll's because of the construction work, she left and has lived a few days at a time with relatives, friends, and in local hotels, storing part of her furniture in a vacant garage on the demised premises and the rest in a warehouse. A copy of the notice of termination was served on the Office of Price Administration Regional Director and notice of the commencement of this proceeding was likewise served on that office.

Inasmuch as the landlord owned the premises on or before the effective date of the Rent Regulation for Housing, no certificate from the Regional Administrator was required. A notice, such as the laws of this State require, was all that was needed. A written notice was served by mail and was received by the tenant. Such a service is sufficient. (*Boland* v. *Beebe,* 186 Misc. 616.) The notice was timely, definite and unequivocal and indicated the ground under the regulation upon which relief was sought. It was sufficient. (*Besdine* v. *Leitner,* 166 Misc. 658.) Great stress is laid upon the claim that the condition in which

the landlord finds herself was self-created. This argument has been advanced in other proceedings but this is the first occasion on which it has been squarely presented. Paragraph (6) of subdivision (a) of section 6 of the Regulation (10 Federal Register 11667) does not specify anything about the origin of the necessity. But it is urged that the court as a matter of law should read into the regulation something which is not there, either expressly or by necessary implication. Following out such an argument, individuals might be prevented from marrying because marriage is certainly a status created by the voluntary act of the parties. Various other illustrations of the effect of such an interpretation come readily to mind, and not of a fanciful nature but of everyday occurrence. The regulation in question distinguishes between the status of a general owner and an ex-serviceman owner. In the latter case good faith is all that is required; in the first case good faith and an immediate compelling necessity. The contention, therefore, that if the necessity is self-created, the landlord as a matter of law is not entitled to relief under the section referred to, is rejected. However, it may be an element in determining whether or not such a condition as a matter of fact exists.

The lack of validity in the argument advanced becomes more apparent, when the facts in the case at bar are considered. Here the landlord for good and sufficient reasons rented her own residence. Six and a half months later the regulation was changed to its present form. Her actions were perfectly proper on March 1, 1945, under the regulation which was changed September 15, 1945. Can it be claimed logically that an act perfectly legal at that time is a legal bar today to the recovery of one's premises? The question suggests its own answer.

The landlord is over sixty years of age. She desires to live in the smallest apartment in the premises she owns. She formerly lived alone in an adjoining place, which is larger. The place where she had been living is being remodeled and part of it torn down. Because of the reconstruction work, she no longer can live there. For upwards of two weeks, she has lived with relatives temporarily, at a hotel for five days until compelled to move and presently is living with friends. The need for occupancy of her own flat is immediate; it is compelling and not merely for convenience, and it is necessary for her normal existence as an individual. The suggestion that her nephew may live with her does not add to or detract from her own need.

Order granted by the warrant is suspended until July 15, 1946.