ROSMOR REALTY CORP., Landlord, *v.* DOROTHY CAVINESS et al., Tenants.

Municipal Court of the City of New York, Borough of The Bronx, November 27, 1946.

*E. Henry Shapiro* for tenants.

*Mark L. Giller* for landlord.

LORETO, J. This motion for an order vacating the final order entered herein on July 11, 1946, and relieving the tenants of the stipulation of settlement entered into on the same date, is denied.

This petition contains the necessary jurisdictional allegations, conforming with the requirements set forth by the Appellate

Term in its decision reversing the prior final order granted to the landlord herein (187 Misc. 348).

There are two reasons advanced in support of the motion. The first is that the landlord agreed by the stipulation to cure any violations against the premises in a reasonable time, and that he has failed to do so; the second, that the waiver by the tenant of any of the benefits of the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 *et seq.*), is void.

Both contentions are overruled. The alleged violations merely relate to the failure to install two doors between certain rooms. A card from the Department of Housing and Buildings dated August 1, 1946, submitted on the motion, shows the dismissal of the violations.

What benefits the tenants waived contrary to the intent of the statute is not clear. Both sides were represented by attorney, who after a witness was sworn, entered their stipulation on the record. The claim that the issues of the case were not tried is frivolous and sham because the attorney for the tenants stipulated on the record, as follows: " It is hereby stipulated and agreed by and between the respective parties hereto, that the tenant concedes that the petitioner's testimony, if adduced herein in the usual manner, would have substantiated the material allegations in the petition, to all of which the tenant offers no objection or introduces no evidence in contradiction thereof, and * * * Tenant further concedes that the jurisdictional allegations of the petition have been complied with, and the facts underlying thereof are conceded." This also disposes of the assertion that the preliminary notice required by the rent regulation was not served.

One of the accepted forms of proving facts in a case is by stipulation or concession thereof made by the parties or their attorneys, which constitute formal judicial admissions and are conclusive of the facts therein stipulated binding upon the parties throughout the litigation, unless the court on application shall relieve either or both parties from its operation. (*Stemmler* v. *Mayor of New York,* 179 N. Y. 473, 482; Richardson on Evidence [3d ed.], § 359.)

It ill-becomes the tenants now to seek to vacate the stipulation and final order, having consumed practically the full six-month period of the stay of issuance of warrant granted pursuant to the stipulation, which is the full period of stay the court in its discretion could have given.

The Appellate Term, Second Department in *Pulaski* v. *Lynch* (187 Misc. 768) has refused to vacate a final order on the claim that any waiver by the tenant was void and against public policy

where the tenant has had the benefit of the full stay the court has the power to grant. This **factor** alone justified the court in reaching a conclusion different from that of the case of *Gilroy* v. *Becker* (186 Misc. 93).

The tenants cite *Siegel* v. *Bowers* (185 Misc. 684) decided by the City Court of Middletown. It is not applicable. The stipulation in that case, is distinguishable. It does not concede the facts. It differs from the stipulation at bar in many respects.

The petition here states the required jurisdictional facts, which were proved by a method of proof long recognized by our courts, and the tenants have now had the benefit of a stay as long as the court could have originally given. Its efforts now to vacate the final order in view of the entire history of this case bespeak of bad faith on the part of the tenants.