PHILIP W. SCHILLER et al., Landlords, *v.* WALLACE W. GRANT, Tenant.

Municipal Court of the City of Syracuse, April 27, 1949.

*Nathan Miller* for landlords.

*Helen B. Norem* for tenant.

ABELSON, J. This is a motion made by the tenant for an order dismissing the petition and precept for the reason that they do not state a cause of action.

This proceeding was brought by the landlords, Philip W. Schiller and Viva Schiller, to evict the tenant, Wallace W. Grant, from the premises situate at 140 Holland Street, this city, upon the ground that after said tenant personally served the

petitioners herein with a written notice that said tenant would vacate the premises, specifying the time, tenant still remains in possession and refuses to vacate.

It is conceded for the purpose of this motion that said notice was served by the tenant and was received by the landlords. It is presumed that this proceeding is brought on the grounds the tenant violated an obligation to surrender possession of housing accommodations.

Subdivision (a) of section 209 of the Federal Housing and Rent Act of 1947, as amended (U. S. Code [1946 ed.] tit. 50, Appendix, § 1899) reads as follows:

" Sec. 209. (a) No action or proceeding to recover possession of any controlled housing accommodations with respect to which a maximum rent is in effect under this title shall be maintainable by any landlord against any tenant in any court, notwithstanding the fact that the tenant has no lease or that his lease has expired, so long as the tenant continues to pay the rent to which the landlord is entitled unless —

" (1) under the law of the State in which the action or proceeding is brought the tenant is (A) violating the obligation of his tenancy (other than an obligation to pay rent higher than rent permitted under this Act or *an obligation to surrender possession* of such housing accommodations)  \*  \*  \*." (Italics supplied.)

There is no doubt that the tenant after giving notice of his intention to vacate comes under the aforesaid section, and the fact of his giving such notice creates an *obligation to surrender possession.*

Although it seems unfair and unreasonable to allow a tenant to remain after giving the landlord notice of his intention to vacate to declare such notice null and void, nevertheless we are compelled to do that very thing by reason of the aforesaid section 209 of the Housing and Rent Act.

The premises in question are controlled premises, coming under the provisions of this act, and therefore the law of this State does not cover the questions involved in this proceeding.

It is further claimed by the tenant that any agreement by the tenant to waive the protection of the act or of the regulations is void.

I, therefore, hold that the notice to surrender possession is in direct contravention to the rent regulations and further hold that the agreement by the tenant to waive the benefit of any of the provisions of the rent act is void. (*Siegel* v. *Bowers*, 185 Misc. 684.)

Upon both of the aforesaid grounds, the petition is dismissed.