28 MOTT STREET Co., INC., Respondent, *v.* SUMMIT IMPORT CORPORATION, Appellant.

First Department, April 30, 1970.

*Solomon Millendorf* for appellant.

*Morris Rosoff* of counsel (*Rosoff & Rosoff*, attorneys), for respondent.

*Per Curiam.* This appeal is from an order of Appellate Term, which unanimously reversed a final judgment of the Civil Court dismissing the petition in a holdover proceeding, and directed judgment in favor of petitioner-respondent landlord and the issuance of a final order against respondent-appellant tenant. The landlord instituted the proceeding by service of a 30-day notice as required by section 232-a of the Real Property Law.

The underlying circumstances are most unusual. The record of the trial discloses that in 1963 the landlord, through the tenant's efforts, purchased a commercial building. A 10-year lease was prepared, providing the tenant with occupancy of one half of the building at an annual rental of $7,800. The tenant was also to pay $100 a year for gas and electricity and maintenance of one of the two elevators in the building. After entering the premises, the tenant made extensive improvements costing about $20,000. A formal lease was prepared, but never executed because of disagreement as to the subordination clause. The tenant occupied the premises for about six years, paying $1,300 every two months. Civil Court found that there was no written lease, that an oral lease for 10 years was barred by the Statute of Frauds, and that the doctrine of equitable estoppel was not applicable, but that there was an oral tenancy for one year and, accordingly, six months' notice of termination was required rather than the shorter notice in fact given. The proceeding was dismissed as prematurely instituted.

In reversing, Appellate Term relied heavily on section 232-c of the Real Property Law: "Where a tenant whose term is longer than one month holds over after the expiration of such term, such holding over shall not give to the landlord the option to hold the tenant for a new term solely by virtue of the tenant's holding over. In the case of such a holding over by the tenant, the landlord may proceed, in any manner permitted by law, to remove the tenant, or, if the landlord shall accept rent for any period subsequent to the expiration of such term, then, unless an agreement either express or implied is made providing otherwise, the tenancy created by the acceptance of such rent shall be a tenancy from month to month commencing on the first day

after the expiration of such term.'' The reasoning was that the section automatically creates, after the conclusion of a fixed term, a month-to-month tenancy, requiring only a 30-day notice. A careful reading of the statute, however, and the report of the Law Revision Commission's Report, Recommendations and Study (1959, p. 139; N. Y. Legis. Doc., 1959, No. 65[D]) indicates a contrary result. This section does nothing more than prevent a landlord from exercising his common-law option to declare a new term of longer than a month where there is a holdover tenancy, ''unless an agreement either express or implied is made providing otherwise''. The section was enacted in 1959 to abrogate the old common-law rule, which often put a tenant at an unfair advantage when holding over (*Adams* v. *City of Cohoes*, 127 N. Y. 175). In the instant case, however, the facts clearly imply a year-to-year tenancy. The unexecuted 10-year lease, the bimonthly payments, the annual sum fixed for certain services, the occupation of the premises for six years, and the extensive improvements made by the tenant, all clearly support the trial court's conclusion that the parties had impliedly agreed to a year-to-year tenancy.

In the circumstances here disclosed, the order of Appellate Term entered October 9, 1969 should be reversed and the judgment of Civil Court dismissing the petition, entered April 16, 1969, reinstated, on the law, with costs. In so doing we note that there is presently pending in Supreme Court, New York County, an action by the tenant against the landlord, which may well be finally dispositive of all questions relating to the transaction between the parties, in which the tenant seeks specific performance of the alleged underlying oral agreement by delivery to tenant of a 10-year written lease. Resolution of these issues should be had without further delay. That case will, however, be decided on its own merits and issues, and nothing contained herein should be considered to bear thereon.

STEVENS, P. J., EAGER and MARKEWICH, JJ., concur in *Per Curiam* opinion; McGIVERN and STEUER, JJ., dissent and vote to affirm the determination of the Appellate Term on the opinion of that court.

Determination entered on October 9, 1969 reversed, on the law, with $50 costs and disbursements to the appellant, and the judgment of the Civil Court entered on April 16, 1969, reinstated.