Allen Murray Myers, J.
In a previous summary dispossess holdover proceeding petitioner (landlord) sought to remove the respondent (tenant) from the premises upon the ground that the respondent’s month-to-month tenancy had been terminated on December 1, 1968 pursuant to a 30-day notice as required by section 232-a of the Real Property Law. In that action this court rejected petitioner’s contention of a tenancy from month to month, and found instead a tenancy from year to year, which could be terminated on any annual expiration date, August 31, upon six months’ prior notice, and held the 30-day notice insufficient and dismissed the petition (28 Mott St. Co. v. Summit Import Corp., 59 Misc 2d 459, revd. 62 Misc 2d 345, which was revd. 34 A D 2d 144, appeal pending in the Court of Appeals). 
By petition and order to show cause, both dated and served on August 31, 1970, petitioner has instituted this new summary dispossess holdover proceeding for the removal of the tenant. This petition is based upon an allegation that the respondent’s year-to-year tenancy had been terminated on August 31, 1970 by virtue of the service upon the respondent of a six months’ written notice (a copy of which is annexed to the petition) terminating the tenancy on that day.
The pleadings put in issue the legal sufficiency of the notice, and raise affirmative defenses of equitable estoppel and of another action pending in the Supreme Court instituted by the tenant for a judgment of specific performance by the landlord of an oral agreement for a 10-year written lease to terminate on December 1, 1978.
Both sides have agreed that only questions of law were at issue, which the court should decide on the papers without taking testimony.
The defenses of equitable estoppel and the pending action for specific performance were considered in the prior proceeding and there is no need to reconsider them. That leaves for determination the legal sufficiency of the alleged six months’ written notice.
At the outset it is apparent that even if, arguendo, the tenancy *862 had expired on August 31,1970, there could be no holdover until September 1, 1970. Therefore the petition dated and served on August 31,1970 is jurisdictionally defective on its face and would have to be dismissed without prejudice. However, in order to save the time of the court and the litigants, the court will decide the issue of the legal sufficiency of the notice on the merits.
The notice is dated July 24,1969, is addressed to the tenant by the landlord, and reads as follows:
11 Gentlemen:
‘ ‘ This notice is being served upon you as a confirmation of all prior notices of our demand that you remove from the premises forthwith.
“ It is our position that however the court rules on the pending appeal, and without prejudice to the rights of either party respecting the appeal and otherwise, and under all circumstances now pertaining, you have been afforded the six months notice referred to in Judge Myers ’ decision, if indeed, such a notice be required. That notice manifests itself as follows:
“ 1. The oral notice of December 1967.
‘ ‘ 2. The certified letter of June, 1968, a copy of which is annexed hereto and made a part hereof.
“ 3. The 30 day notice served upon you on October 31, 1968, a copy of which is annexed hereto and made a part hereof.
‘ ‘ 4. The pleadings of the Civil Court proceeding.
‘ ‘ Alternatively, this document is a 30 day notice to commence a new proceeding in September, 1969. ’ ’
The certified letter of June 1968 from the petitioner to the respondent reads as follows:
“ Gentlemen:
“ We refer to our several conversations beginning December, 1967, in which we advised you that the warehouse space you now occupy without lease or other agreement at our premises, 31-33 North Moore Street, New York City must be vacated by you at an early date.
“We now respectfully require that you vacate these premises on or before September 16, 1968. We are advised that we are required to give you only 30 days notice of termination; therefore we designate September 16 without prejudice or engagement, however, as to any prior date. Your kind cooperation will be greatly appreciated. ’ ’
The 30-day notice served on October 31,1968 reads as follows: “ You are notified that the landlord elects to terminate your tenancy of the premises above described now held by you under monthly hiring; and that unless you remove from the said premises on the 31st day of November 1968 the day on which your *863 term expires, the Landlord will commence summary proceedings under the Statute to remove you from said premises for the holding over after the expiration of your term.”
Since summary proceedings are statutory there must be strict compliance with the statutory requirements (Folz v. Shalow, 16 N. Y. S. 942; Hedden v. Nederburg, 25 Misc. 722).
The Beal Property Law requires written 30 days’ notices to terminate month-to-month tenancies in New York City (Beal Property Law, § 232-a) and to terminate tenancies at will or by sufferance (Beal Property Law, § 228). Section 232-a of the Beal Property Law provides that a notice to terminate such a tenancy must be, ‘ ‘ in writing to the effect that the landlord elects to terminate the tenancy and that unless the tenant removes from such premises on the day on which his term expires the landlord will commence summary proceedings under the statute to remove such tenant therefrom.” Although section 232-b which governs month-to-month tenancies outside of New York City does not require the said 30-day notice to be in writing, the notice must still be timely, definite and unequivocal and it has been held that a written notice is preferable although not mandatory (McGloine v. Dominy, 233 N. Y. S. 2d 161; Boland v. Beebe, 186 Misc. 616).
It is well established that ‘1 any notice in whatever form which terminates a tenancy of any kind must be timely, definite and unequivocal. ’’ (Boland v. Beebe, supra, p. 618.)
It is clear therefore that although section 232-a of the Beal Property Law provides only for the contents requirements of a 30-day notice to terminate a tenancy from month to month, the contents requirements therein provided apply equally to a six months’ notice to terminate a tenancy from year to year. The statutes are merely a codification of the common-law requirement that the notice must be timelv, definite and unequivocal.
When measured by this standard, it is clear beyond peradventure that the so-called notice of July 24, 1969 and the prior notices of October 31, 1968 and June 18, 1968 therein referred to were insufficient to terminate this tenancy on its annual expiration date, August 31, 1970. Not once did any of the notices state, as it should have, that the landlord had elected to terminate the year-to-year tenancy on August 31,1970 and that unless the tenant removed from the premises on that day the landlord would commence summary proceedings under the statute to remove it. Instead each notice purported to be a 30-day notice; the one dated June 18, 1968 demanded that the tenant remove from the premises on July 16, 1968; the one dated October 31, 1968 demanded removal on November 31,1968; and the one dated *864 July 24, 1969 demanded removal ‘1 forthwith ’ ’ and gave notice that “ a proceeding ” would he commenced in September, 1969. Not only were all the notices untimely, indefinite and equivocal, but each subsequent notice was a waiver of the preceding one; for ‘ ‘ it has been held that giving a subsequent notice after the expiration of the first is in effect an admission that a tenancy still subsists, and is a waiver of the first notice.” (Morgan v. Powers, 83 Hun 298, 302.) As a matter of fact this court in the former proceeding had already found that the prior notice of October 31, 1968 was ineffectual and that a year-to-year tenancy did in fact subsist. That notice therefore cannot be revived. And it is equally clear that the prior oral notice of December, 1967 (of which no evidence has been submitted) and the prior letter notice of June, 1968 also cannot be revived.
We come then to petitioner’s final argument, and that is, that no particular form of notice is necessary to terminate this tenancy from year to year as long as the petitioner has in one form or another made known to the respondent its desire to repossess its premises and that more than six months had elapsed. According to this theory all of the activities of the respondent to repossess its premises during the past two years or more, including the pleadings in the former dispossess proceeding, constituted sufficient notice to terminate the tenancy on August 31, 1970.
Petitioner relies on the case of Adams v. City of Cohoes (127 N. Y. 175) for the proposition that no notice is required and that, if any be required, it is sufficient that the tenant have notice that the landlord wants him out. However, that case is not analogous to the case at bar. In that case the tenant in possession under a tenancy from year to year had vacated the premises nine months before the annual expiration date without giving the required six months ’ notice. In a prior action the landlord was granted a judgment for the rent for the full nine months of the unexpired term. The court in the Adams case (supra) held that the landlord was not entitled to any further rent beyond the nine months of the unexpired term. The tenant’s removal from the premises prior to the six months’ notice period was the equivalent of notice and the term came to an end nine months after he moved out. No further notice need be given under such circumstances. That is not the situation at bar. Here the landlord seeks to terminate a year-to-year tenancy and remove a tenant from possession. Under such circumstances a definite, unequivocal six months’ notice to terminate the tenancy on a specific annual expiration date is required (Pugsley v. Aikin, 11 N. Y. 494).
*865 Mere knowledge by the tenant that the landlord wants him out is not sufficient notice in the instant case. There are innumerable tenants in New York who are wanted out by their landlords yet remain in possession despite extensive litigation.
Since the resquisite six months’ notice to terminate the tenancy was not given, the petition is dismissed.