OPINION OF THE COURT
Per Curiam.
Order entered November 3, 1999 affirmed, with $10 costs.
We agree with Civil Court that this nonprimary residence proceeding against a protected occupant of an interim multiple dwelling unit was properly commenced upon a 30-day notice of termination. Landlord was not required to serve a 120- to 150-day notice of nonrenewal because the transition from Loft Law coverage to Rent Stabilization Law coverage had not yet been completed, and respondent was not a tenant under a rent-stabilized lease. The statutory scheme provides for the issuance of a final order issued by the Loft Board setting the initial regulated rent, after which “each residential occupant qualified for protection pursuant to this article shall be offered a residential lease subject to the provisions * * * set forth in the emergency tenant protection act of [1974]” (Multiple Dwelling Law § 286 [3]; see, 29 RCNY 2-01 [m] [3] [i]). Indisputably, the Loft Board has not issued a final rent order with respect to respondent’s unit. Respondent’s payment of permissible Rent Guidelines Board increases during the transition process (see, 29 RCNY 2-01 [i] [1]) did not create a rent-stabilized lease or term which would implicate the notice of nonrenewal requisites applicable to matured rent-stabilized tenancies. Moreover, any reference to respondent’s stabilized status in isolated correspondence from landlord is not dispositive, since such coverage cannot be created by waiver or estoppel (Wilson v One Ten Duane St. Realty Co., 123 AD2d 198).
Respondent’s argument that her interim multiple dwelling unit qualifies for protection under the Emergency Tenant Protection Act of 1974 was not raised below and, in any event, is lacking in merit.
We affirm the denial of respondent’s application for “reciprocal” discovery of landlord for the reasons stated in the decision below.
Parness, P. J., McCooe and Gangel-Jacob, JJ., concur.