(September 19, 2006)

■ Aspen Creek Estates, Inc., Respondent, v John Kennedy et al., Appellants. [823 NYS2d 78]—

In an action, inter alia, for ejectment, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Burke, J.), dated February 1, 2005, as denied that branch of their motion which was for summary judgment on their counterclaim for a judgment declaring that they occupy the subject premises under a valid year-to-year periodic tenancy.

Ordered that the order is affirmed insofar as appealed from, with costs.

For more than 23 years, the defendants have occupied a parcel of farm land in Suffolk County. In 1981 the defendants entered into a one-year written lease, effective March 1, 1981, with the original owner. However, "[a]fter a few years" they entered into

an oral agreement and the defendants tendered yearly rent to the original owner each spring. On January 1, 1988 the land was deeded to the original owner's daughter and son-in-law, who did not interrupt the defendants' possession of the premises or insist on receiving the annual rent payments. The defendants continued to occupy the land and submit the rent payments to the original owner up to the year 2002. In late 2002 or early 2003, following the original owner's death, the son-in-law told the defendants that he was selling the property and that the defendants no longer had a right to occupy the land. The defendants offered to pay the 2003 annual rent to the son-in-law but he refused to accept it. The property was sold to the plaintiff while the defendants continued to occupy the land.

The plaintiff commenced the instant action, inter alia, to remove the defendants from the property. The Supreme Court denied that branch of the defendants' motion which was for summary judgment on their counterclaim for a judgment declaring that they occupied the land under a valid year-to-year tenancy which was not terminated by proper notice. We affirm.

In support of their motion, the defendants failed to establish their prima facie entitlement to judgment as a matter of law on their counterclaim for a judgment declaring that they occupied the land under a valid year-to-year tenancy which was not terminated by proper notice. Initially, the defendants met their burden of establishing that a year-to-year tenancy was created. The affidavits and photocopies of annual rent checks submitted by the defendants demonstrated the intent of the defendants and the original owner to create an implied periodic tenancy, rather than a tenancy-at-will (*see 28 Mott St. Co. v Summit Import Corp.,* 34 AD2d 144, 146 [1970], *affd* 28 NY2d 508 [1971]). However, the defendants failed to establish, as a matter of law, that they did not receive proper notice of the termination of their tenancy (*cf. City of Buffalo Urban Renewal Agency v Lane Bryant Queens,* 90 AD2d 976, 977 [1982], *affd* 59 NY2d 825 [1983]; *28 Mott St. Co. v Summit Import Corp.,* 64 Misc 2d 860, 863 [1970]; *Boland v Beebe,* 186 Misc 616, 618 [1946]; 12 Warren's Weed, New York Real Property Summary Proceedings § 129.94 [1] [5th ed]).

Under such circumstances, the Supreme County properly denied that branch of the defendants' motion which was for summary judgment on the counterclaim for a judgment declaring that they occupy the subject premises under a valid year-to-year periodic tenancy. Luciano, J.P., Rivera, Lifson and Covello, JJ., concur.