OPINION OF THE COURT
David J. Kaplan, J.
Petitioner, Kiamie-Princess Marion Realty Corp., commenced this holdover proceeding against James Lipton,[1] after service of a 30-day notice of termination, seeking to recover possession of the subject accommodation based on the allegation that respondent is not using the premises as his primary residence in violation of article 7-C of the Multiple Dwelling Law (Loft Law). After respondent filed an answer, petitioner moved to dismiss respondent’s first and second defenses, for leave to conduct discovery against both respondent and respondent undertenant Margaret Prussack, and for payment of use and occupancy. Respondent opposed the motion[2] and cross-moved for summary judgment dismissal of the petition or, in the alternative, for leave to conduct discovery in the form of directing petitioner to disclose the contents of any videotapes that it intends to use at trial.
Disposition of these motions turns on whether service of the notice of termination by mail, without any attempts of personal service, renders the petition jurisdictionally defective. Petitioner asks that the court dismiss respondent’s defense which challenges the service of the notice of termination arguing that service by mail alone is sufficient as the Loft Law is in pari materia with the Rent Stabilization Code. Respondent, on the other hand, requests that the court dismiss the petition as the notice of termination was admittedly not served pursuant to Real Property Law § 232-a.
The parties agree that respondent is a statutory tenant under the Loft Law, having no current written lease which would otherwise govern service of the predicate notice. It is further undisputed that a 30-day notice of termination is the appropriate predicate notice for a nonprimary residence proceeding against a Loft Law statutory tenant (cf. Mazda Realty Assoc. v *425 Green, 187 Misc 2d 419 [App Term, 1st Dept 2000]; Rose v Genesis Real Estate, 101 AD2d 427, 431 [1st Dept 1984]). Thus, the issue before the court is whether Real Property Law § 232-a or the Rent Stabilization Code governs service of the predicate notice of termination.
Real Property Law § 232-a, entitled “Notice to terminate monthly tenancy or tenancy from month to month in the city of New York,” provides that:
“No monthly tenant, or tenant from month to month, shall hereafter be removed from any lands or buildings in the city of New York on the grounds of holding over his term unless at least thirty days before the expiration of the term the landlord or his agent serve upon the tenant, in the same manner in which a notice of petition in summary proceedings is now allowed to be served by law, a notice in writing to the effect that the landlord elects to terminate the tenancy and that unless the tenant removes from such premises on the day on which his term expires the landlord will commence summary proceedings under the statute to remove such tenant therefrom.”
RPAPL 735 (1) likewise governs service of a petition and notice of petition in a summary proceeding. To comply with the statute, service of said documents:
“shall be made by personally delivering them to the respondent; or by delivering to and leaving personally with a person of suitable age and discretion who resides or is employed at the property sought to be recovered, a copy of the notice of petition and petition, if upon reasonable application admittance can be obtained and such person found who will receive it; or if admittance cannot be obtained and such person found, by affixing a copy of the notice and petition upon a conspicuous part of the property sought to be recovered or placing a copy under the entrance door of such premises; and in addition, within one day after such delivering to such suitable person or such affixing or placement, by mailing to the respondent both by registered or certified mail and by regular first class mail” (RPAPL 735 [1]).
Respondent argues that the predicate 30-day notice of termination was not properly served as it was not served in the *426 same manner required of the petition and notice of petition, which was effectuated pursuant to RPAPL 735 (1), as required by Real Property Law § 232-a. Petitioner counters that Real Property Law § 232-a is not applicable to this proceeding as the Loft Law must be read in pari materia with the Rent Stabilization Code which does not require service of a notice of termination by the methods prescribed in RPAPL 735 (1). Thus, petitioner contends that respondent’s defense contesting such service must be dismissed as service of the notice of termination by timely mailing the notice is proper under the Rent Stabilization Code.
As respondent is a month-to-month tenant without a lease, Real Property Law § 232-a squarely addresses the applicable method of service of the notice of termination and accordingly, the court need not look any further than that statute. While petitioner correctly notes that the Loft Law is generally read in pari materia with the Rent Stabilization Code (see e.g. BLF Realty Holding Corp. v Kasher, 299 AD2d 87 [1st Dept 2002] [extending rent stabilization’s prohibition of rent gouging as a basis of eviction to Loft Law tenants]; Matter of Lower Manhattan Loft Tenants v New York City Loft Bd., 66 NY2d 298 [1985] [upholding regulation permitting evictions of Loft Law tenants on the basis of nonprimary residence as consistent with the legislative intent of rent regulation]), the application of the Rent Stabilization Code to Loft Law tenancies has traditionally been used only as necessary to effectuate the legislative intention of rent regulation. This is in contrast to here, where the court is simply faced with addressing the proper method of service of a predicate notice, not a loophole created by the transition of an apartment from Loft Law to rent stabilization that undermines the goals of the Legislature’s rent regulatory scheme.
For instance, the basis for the holdings in BLF Realty Holding Corp. and Lower Manhattan Loft Tenants both placed emphasis on the legislative purpose behind rent regulation. Those cases adhered to the proposition that since the Loft Law is intended to help protect residential occupants of commercial units by fostering the integration of the units for residential use so that they will be subject to rent stabilization regulations (see Multiple Dwelling Law §§ 280, 286 [3]), the occupants should be subject to the same obligations required under the Rent Stabilization Code. Such restrictions on a tenant, like the obligation that the unit is used as one’s pri *427 mary residence and that a tenant may not engage in rent gouging are necessary to help foster rent regulation’s goal of combating the acute shortage of affordable housing faced by residents of New York City. As such, it is counterintuitive to make a distinction between a loft tenant and a rent-stabilized tenant that would allow one to flout the regulations to their advantage while those in need of affordable housing suffer as a result.
However, this case does not invoke such concerns but instead focuses solely on whether the petitioner properly invoked the court’s jurisdiction to hear the instant matter. There is no legislative intent or policy implication that requires dispensing with Real Property Law § 232-a’s service requirements which is otherwise applicable on its face. The statute does not offend any principles of rent stabilization but rather helps ensure that a party is properly afforded notice of the termination of his or her tenancy. In fact, if the petitioner is correct in arguing that the court must look to the Rent Stabilization Code’s service requirements and dispense with Real Property Law § 232-a application herein, petitioner would by the same logic have to follow Rent Stabilization Code (9 NYCRR) § 2524.2 (c) (2) and section 2524.4 (c)’s requirement that a notice of intent to terminate a tenancy on the basis of nonprimary residence must be served between 90 and 150 days before expiration of the lease term — a requirement of the Rent Stabilization Code already determined to be nonapplicable to Loft Law tenants (see Mazda Realty Assoc., 187 Misc 2d at 420 [landlord is not required to serve a 90-150-day notice of nonrenewal under the Loft Law as tenant is not yet covered by rent stabilization]).
The record clearly reflects that the petitioner did not comply with RPAPL 735 (1) and Real Property Law § 232-a in effectuating service of the notice of termination. As such service is a predicate to commencing this proceeding and necessary for asserting the court’s authority over the respondent, the petition must be dismissed (see House of Bowery Corp. v Ensley, 182 Misc 2d 471 [Civ Ct, NY County 1999]; cf. Chinatown Apts. v Chu Cho Lam, 51 NY2d 786 [1980] [the failure to serve a proper predicate notice renders the petition defective]; 28 Mott St. Co. v Summit Import Corp., 64 Misc 2d 860, 863 [Civ Ct, NY County 1970] [“Since summary proceedings are statutory there must be strict compliance with the *428 statutory requirements”]). The court need not reach the par ties’ remaining arguments.
Accordingly, summary judgment is granted in favor of respon dent and the petition is dismissed.

. The petition also names Margaret Prussack as a respondent undertenant however she has not appeared in this proceeding nor was she served with copies of the subject motions.

. Respondent agreed to withdraw his first defense which alleged lacked of personal jurisdiction.