Aurora Assoc. LLC v Hennen (2018 NY Slip Op 00465)





Aurora Assoc. LLC v Hennen


2018 NY Slip Op 00465


Decided on January 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 25, 2018

Acosta, P.J., Renwick, Kapnick, Kahn, Kern, JJ.


154644/15 5545 5544

[*1]Aurora Associates LLC, Plaintiff-Appellant,
v
Mark Hennen, et al., Defendants-Respondents, John Doe, et al., Defendants.


Kossoff PLLC, New York (Joseph Goldsmith of counsel), for appellant.
Grad and Weinraub LLP, New York (Catharine A. Grad of counsel), for respondents.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered January 10, 2017, which to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on its cause of action for ejectment and for dismissal of defendants' affirmative defenses, and granted defendants' cross motion for summary judgment dismissing the causes of action for ejectment and use and occupancy, unanimously modified, on the law, to deny dismissal of the ejectment claim to the extent based on profiteering, to grant dismissal of defendants' sixth affirmative defense (failure to serve notice to cure), and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered May 19, 2017, which, upon granting reargument, adhered to its original determination, unanimously dismissed, without costs, as academic.
Plaintiff owns a building that is an interim multiple dwelling (IMD) as defined by Article 7—C of the Multiple Dwelling Law (Loft Law). Defendant Mark Hennen, a rent-regulated tenant, has occupied a loft apartment on the fifth floor since 1977, pursuant to a 1977 lease that expired in 1982.
Plaintiff seeks to eject defendants based on their having illegally sublet rooms in their loft through the Airbnb website to numerous individuals, over a period of about two years, resulting in profits well in excess of the legal regulated rent. It is well settled that, when regulated tenants rent space on a short-term basis to transient individuals at rates higher than allowed by applicable regulations, that conduct is "in the nature of subletting rather than taking in roommates, and constitute[s] profiteering and commercialization of the premises," which is an "incurable violation" (220 W. 93rd St., LLC v Stavrolakes, 33 AD3d 491 [1st Dept 2006], lv denied 8 NY3d 813 [2007]; see Goldstein v Lipetz, 150 AD3d 562 [1st Dept 2017]). Defendants do not dispute that tenants regulated pursuant to the Loft Law also are subject to eviction for profiteering (see BLF Realty Holding Corp. v Kasher, 299 AD2d 87, 93 [2002], lv dismissed 100 NY2d 535 [2003]; 29 RCNY § 2-09).
Since the alleged conduct is incurable, no notice to cure is required (id.). As for the adequacy of the predicate notice of termination, plaintiff served a notice under the terms of the expired lease, which carried over into the statutory tenancy and governed the amount of notice required when the tenant violates a substantial obligation of his tenancy or is alleged to have engaged in illegal conduct (see 1165 Broadway Corp. v Dayana of N.Y. Sportswear, 166 Misc 2d 939, 947 [Civ Ct, NY County 1995]; cf. Domen Holding Co. v Aranovich, 1 NY3d 117, 123 [2003]; RSC § 2524.3; RPL 231; but see Kiamie-Princess Marion Realty Corp. v Lipton, 20 Misc 3d 423, 424 [Civ Ct, NY County 2008][no current written lease applied to Loft Law tenant]).
Accordingly, there was no basis to dismiss the ejectment cause of action to the extent based on profiteering. However, to the extent that plaintiff alleges a host of other violations of law, it has offered no evidence in support of those claims.
In particular, while plaintiff argues strenuously that it is entitled to judgment because the building is a class A multiple dwelling under Multiple Dwelling Law § 4(8), and therefore occupancy for less than thirty days is not permitted, that argument is without merit. The premises is not a Class A multiple dwelling and, no certificate of occupancy for such a multiple dwelling has been issued. In any event, plaintiff would not prevail simply by proving that defendants sometimes allowed people to stay in the apartment as roommates or boarders, since that would not be impermissible per se (see Real Property Law § 235 -f).
Contrary to plaintiff's contention, it has not demonstrated its entitlement to summary judgment on its ejectment claim since it did not offer any evidence in admissible form in support of its motion. Even if the printouts from the Airbnb site are considered, they do not provide a basis for determining that the nature and frequency of the rentals amounted to profiteering, warranting termination of the lease (compare Goldstein v Lipetz, 150 AD3d 562).
It is undisputed that plaintiff has failed to bring the building, which is an interim multiple dwelling under the Loft Law, into compliance with that law, including by obtaining a certificate of occupancy. As such, plaintiff cannot prevail on its cause of action for use and occupancy as a matter of law
(Chazon, LLC v Maugenest, 19 NY3d 410, 414-415 [2012]; Multiple Dwelling Law §§ 302[1][b] and 285[1]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 25, 2018
CLERK