ANNA COHN, Plaintiff, *v.* ISIDOR COHN, Defendant.

Supreme Court, Kings Special Term, May, 1923.

**Husband and wife — divorce — stipulation fixing alimony and providing for release of dower — when release of dower pursuant to the stipulation will be ordered.**

After a mutual separation the parties may enter into a stipulation fixing the terms upon which the husband is to meet his legal and moral obligations to support his wife; such a stipulation is in no sense a contract which requires special consideration to support it.

In an action for divorce brought by a wife after a separation by mutual consent, the parties entered into a stipulation wherein it was agreed that the defendant should pay a certain sum weekly as alimony and that the plaintiff should execute and deliver to defendant a writing sufficient to release her right of dower in any property of his. Upon the date of the entry of the interlocutory decree, after inquest taken, the stipulation was duly filed with the judgment roll, of which it was made a part, in the county clerk's office and the amount of alimony set forth in the stipulation was inserted in the decree. *Held*, that a motion to compel plaintiff to carry out the stipulation by delivering to defendant a quitclaim deed by which plaintiff released her right of dower in defendant's property, executed by her on the same day that the stipulation was entered into, will be granted.

MOTION to compel plaintiff to carry out stipulation.

*Samuel J. Siegel*, for plaintiff.

*Jacob I. Berman* (*A. I. Nora*, of counsel), for defendant.

MAY, J. The plaintiff began this action for divorce on November 1, 1916, the parties thereto having previously, and by mutual agreement, separated. On December 4, 1916, a stipulation was entered into between the parties wherein it was agreed that the defendant was to pay the sum of twenty-five dollars per week as alimony (his circumstances not permitting him to pay more) and the plaintiff was to execute and deliver to defendant such instrument as would be found requisite to release her right of dower in any property of the defendant. On the same day the plaintiff by quitclaim deed released her right of dower in property which is now the basis of this motion. On December sixth the aforesaid stipulation, which had been signed on December fourth, was delivered by plaintiff to defendant and on the same day an inquest was duly taken herein by the plaintiff. On December 23, 1916, an interlocutory decree of divorce was duly entered herein and the aforesaid stipulation duly filed with the judgment roll in the office of the county clerk of Kings county. The defendant now seeks to enforce the terms of the said stipulation and objection is raised by

the plaintiff on the ground that such stipulation offends against public policy and was without consideration. While the courts are averse to the institution of actions brought to void the marriage contract it has uniformly been held that after separation the parties may enter into a stipulation fixing the terms upon which the husband is to meet his legal and moral obligations for the support of his wife. Such stipulation is in no sense a contract which requires special consideration to support it. *Werner* v. *Werner,* 153 App. Div. 719; *Matter of Hagen,* 119 Misc. Rep. 770. Courts favor stipulations between the parties and *such stipulations are regarded as the law of the case.* In *Lee* v. *Rudd,* 120 Misc. Rep. 407, the court says: " It has repeatedly been held that a party may, if the agreement be not unreasonable nor against good morals or sound public policy, stipulate away his rights, both statutory and constitutional, and make the law applicable to the action, and that such agreement will be enforced. * * * Concededly the court is without power to modify or alter the stipulation in any material detail." In *Randall* v. *Garfield Mills,* 178 App. Div. 196, the court says: " The agreement entered into in open court with the consent and approval of the presiding justice, is binding upon the parties and concluded the court, whose duty it was, as between the parties, to enforce and effectuate it. * * * Such agreement, being undisputed and proper, may be summarily enforced by motion. * * * But the agreement enforced must be, in all its material details, that which the parties entered into, the court being without power or authority to modify, alter or change the same (in any material detail) against the objection of one of the parties." Such stipulation creates obligations other than those prevailing in matters of ordinary contract between non-litigating parties (30 Cyc. 1280) and need not meet the tests of ordinary contracts, but merely the test of statutory requirements. Such statutory requirements in New York are, that the same shall either be in writing, or entered upon the minutes of the trial, but need not be offered in evidence. The stipulation herein complied with the requirements of the statute, has been made a part of the judgment roll herein, and the amount of alimony set forth in the stipulation inserted in the decree. If any consideration were needed it is found in the amicable adjustment of the parties on the question of support. Motion granted.

Ordered accordingly.