EDWARD P. MORSE, JR., Respondent, v. MORSE DRY DOCK & REPAIR COMPANY, Appellant.— Action to recover compensation for services rendered under an agreement of employment by which plaintiff was to receive certain fixed compensation and, in addition thereto, two per cent of the net profits of the defendant for the period January 1, 1916, to June 3, 1918. Final judgment, entered upon the report of an official referee in favor of the plaintiff against the defendant, reversed on the law and a new trial granted before an official referee in the phase of this action which is within the purview of the amended interlocutory judgment entered June 30, 1933, with costs of this appeal to the defendant-appellant to abide the event. We are of opinion: (1) That there was fundamental error on the part of the referee in his refusal to abide by the binding stipulation dated June 14, 1933, limiting the proofs upon the hearing before him, which stipulation should have been, but was not, enforced. (2) That it was error for the referee to allow, as part of the award to plaintiff, two per cent of $5,403,520, the aggregate of items representing an illegitimate profit as a result of illegal operations of the defendant to which illegality the plaintiff was a party, by reason of which operations the defendant charged to certain customers, including the United States, the cost of capital improvements of the defendant, such charges being made by the defendant as for work done upon ships of such customers in its yard. Public policy forbids such an award to the plaintiff. (3) That the record shows other errors, discussion and disposition of which, however, we deem unnecessary now and which may not be repeated on the new trial which, in our opinion, the interests of justice require. The stipulation was in due form (Rules Civ. Prac. rule 4). Courts look with favor upon such a stipulation, which becomes the law of the case. (*Cohn* v. *Cohn*, 120 Misc. 731; *Lee* v. *Rudd*, Id. 407, and cases therein cited.) It is competent for parties to waive their statutory or even constitutional rights by stipulation and to agree upon the procedure they will follow. (*Twin Realty Corp.* v. *Glens Falls Portland Cement Co.*, 225 App. Div. 515; *Matter of Cushman*, 177 id. 127; *Matter of Di Donato* v. *Rosenberg*, 230 id. 538.) If the agreement be not unreasonable nor against good morals or sound public policy, a party may thus stipulate away his rights, both statutory and constitutional, and make the law applicable to the action, and such agreement will be enforced. (*Lee* v. *Rudd*, *supra*; *Vose* v. *Cockcroft*, 44 N. Y. 415; *Cox* v. *N. Y. C. & H. R. R. R. Co.*, 63 id. 414; *Matter of Pet. of N. Y., L. & W. R. R. Co.*, 98 id. 447, 453; *Cowenhoven* v. *Ball*, 118 id. 231, 235; *Dubuc* v. *Lazell*, *Dalley & Co.*, 182 id. 482, 486.) The stipulation in this case is not unreasonable, nor against good morals or sound public policy. That part of the award to plaintiff, included in the judgment, which represents two per cent of items of alleged profits aggregating $5,403,520 is erroneous for the reasons related to public policy; such claim is illegal and unenforcible on plaintiff's own showing. (*Primeau* v. *Granfield*, 193 Fed. 911; cert. denied, 225 U. S. 708; *Fidelity & Deposit Co.* v. *Grand Nat. Bank of St. Louis*, 2 Fed. Supp. 666; *Stewart* v. *Wright*, 147 Fed. 321; *Holman* v. *Johnson*, 1 Cowp. 341; *Leonard* v. *Poole*, 114 N. Y. 371, 378; *McMullen* v. *Hoffman*, 174 U. S. 639, 654; *Sprague* v. *Webb*, 168 App. Div. 292; *O'Brien* v. *Shea*, 208 Mass. 528.) Young, Carswell and Taylor, JJ., concur; Davis, J., concurs in

result only, being of opinion that it was within the discretion of the official referee, under the circumstances shown, to disregard the stipulation and require that the witnesses be brought before him; and to receive further testimony. The reasons for the delay in bringing on the action for trial and to completion are obvious. This was sensed by the official referee, as well as the fact that the case was filled with dishonesty and corruption. He was entitled to make his own record instead of relying on that made before another referee. However, there are other grounds for granting a new trial. Hagarty, J.: I dissent. This is an appeal by the defendant from a judgment entered on the 16th day of May, 1935, for $540,283.52 in this action commenced in September, 1919. The stipulation invoked by the appellant, bearing date the 14th day of June, 1933, was the basis for the entry of an order vacating a prior judgment entered herein in favor of the plaintiff on the 11th day of October, 1932. It is true that the stipulation further provided that upon the resubmission of the matter to an official referee, the referee should consider the testimony as theretofore submitted and "Neither party shall offer additional evidence, except that the Referee may require additional testimony in any respect that the present record is not clear to the Referee, from any witness who has heretofore testified only. The Official Referee shall then proceed to reach his independent conclusion of what amount, if any, he finds to be due to the plaintiff and then file his report accordingly." However, the amended interlocutory judgment as entered on the 30th day of June, 1933, and under which the hearings were had by the official referee, makes no reference whatsoever to the stipulation of June 14, 1933, and provides as follows (fols. 46-7): "Ordered, adjudged and decreed that plaintiff is entitled to a judgment herein pursuant to said findings and stipulation, directing the defendant to account for and to pay the plaintiff two (2) per centum of the net profits of said business from January 1st, 1916, to June 3rd, 1918, both inclusive, and it is further Ordered, adjudged and decreed that the proof be taken before an official referee to hear and determine and to take and state the net profits of the defendant from January 1st, 1916, to June 3rd, 1918, both inclusive, and he may compel the production of the necessary books and papers as fully as the Court might do and award final judgment to be entered in his report." The stipulation referred to in the decretal part of the interlocutory judgment above quoted is a stipulation made between the parties when the case was first called for trial before Mr. Justice Faber, in June of 1920, and had to do only with the method of trial before Mr. Justice Faber, questions to be submitted to the jury, etc., and is so described in the recital parts of the interlocutory judgment. Therefore, it follows, in my opinion, that the interlocutory judgment, under which the matter went to the official referee, superseded the stipulation and was controlling, and that the referee had no option but to proceed as he did while said judgment remained unaffected by appeal or by an order resettling it. As to the other assigned error, i. e., the allowance of two per centum of $5,403,520, the aggregate of items representing an illegitimate profit as a result of illegal operations, my opinion is that the plaintiff was not legally responsible for such wrongs. He was not an officer or director of the defendant and, in so far as I can discover, had no say in so far as its financial policy was concerned. However, since this judgment is to be reversed because the case was tried under the provisions of the interlocutory judgment and not under the terms of the stipulation of June 14, 1933, my views on the merits are quite immaterial.