In the Matter of OXFORD GROUP-MORAL RE-ARMAMENT, MRA, INC., Appellant-Respondent, against HOGARTH S. SWEET et al., Constituting the Board of Review of the Town of New Castle, Respondents-Appellants. (Proceeding No. 1.) In the Matter of OXFORD GROUP-MORAL RE-ARMAMENT, MRA, INC.,

Respondent, against MAYNARD ALLEN et al., Constituting the Board of Assessors of the Town of North Castle, Appellants. (Proceeding No. 2.) — In Proceeding No. 1 petitioner appeals from so much of the judgment therein as dismisses its application for tax exemption of that part of its property which lies in the town of New Castle and enjoins it from using said premises for any purpose other than certain specified uses as defined by the zoning ordinance of said town; and respondents appeal from so much of said judgment as determines that said premises are exclusively devoted to religious and/or educational purposes. In Proceeding No. 2 respondents appeal from the judgment therein which determines that the part of petitioner's property which lies in the town of North Castle is exclusively devoted to religious and/or educational uses and grants tax exemption thereto, and from so much of an order as denies their motion for reargument. Judgment in Proceeding No. 1 modified on the law and the facts by inserting in the first decretal paragraph thereof the words "not" before the word "exclusively", and by deleting from the second decretal paragraph thereof the words beginning with "on the ground" and ending with "New Castle." As so modified, judgment unanimously affirmed, with costs to respondents-appellants, constituting the board of review of the Town of New Castle. Judgment in Proceeding No. 2 reversed on the law and the facts, with costs to appellants, and petition dismissed. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. Petitioner, owner of a 277-acre estate astride the common boundary line of the Towns of New Castle and North Castle, brought these separate proceedings for tax exemption pursuant to article 13 of the Tax Law. Pursuant to stipulation, a counterclaim was interposed in Proceeding No. 1, alleging illegal use and demanding injunctive relief under the zoning ordinance of the Town of New Castle, as if the building inspector of said town (the official charged with the enforcement of said ordinance) had been joined as a party respondent; and at the trial a motion was granted amending the petition in said proceeding so as to join the assessor of said town in his official capacity. Pursuant to stipulation the proceedings were tried together, and a separate judgment was entered in each. The parties having adopted their own procedure, this court does not question it. (*Pines v. Beck,* 300 N. Y. 181, 187; *Matter of Malloy,* 278 N. Y. 429, 434; *Morse v. Morse Dry Dock & Repair Co.,* 249 App. Div. 764.) Accordingly, we do not pass upon the propriety of the counterclaim in Proceeding No. 1, and we deem the title of said proceeding amended to include in their respective official capacities, as respondents, the assessor and the building inspector of the Town of New Castle. We disregard the fact that in Proceeding No. 2 no answer was served. (Tax Law, § 292, subd. 1.) In our opinion, petitioner failed to sustain its burden of establishing its claim that, during the period in question, the property was being used exclusively for religious and/or educational purposes within the meaning of subdivision 6 of section 4 of the Tax Law. (*People ex rel. Church of St. Mary v. Feitner,* 168 N. Y. 494; *Catlin v. Trustees of Trinity Coll.,* 113 N. Y. 133, 141; *People ex rel. Provident Loan Soc. v. Chambers,* 196 Misc. 367, revd. in part and affd. in part 276 App. Div. 755, 757, affd. 301 N. Y. 575; *Young Women's Christian Assn. v. City of New York,* 217 App. Div. 406, affd. 245 N. Y. 562.) The appeal in Proceeding No. 2 from the order denying reargument is dismissed, without costs. No appeal lies from an order denying a motion for reargument (*Torchio v. Nacirema Operating Co.,* 283 App. Div. 675; *Winston v. Bendix Home Appliances,* 281 App. Div. 1047), and the order is not printed in the record. Present — Adel, Acting P. J., Wenzel, Schmidt, Beldock and Murphy, JJ.