■ In the Matter of DANNEY BOONE, Petitioner, v ROBERT HENDERSON, as Superintendent of the Auburn Correctional Facility, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondents which affirmed charges against petitioner of fighting and possession of contraband and a dangerous weapon and directed that petitioner be confined in a special housing unit for 90 days and lose 180 days of good-time credit. Petitioner was an inmate at the Auburn Correctional Facility when, on August 9, 1981, he was involved in an altercation with other inmates which resulted in his being served with a superintendent's proceeding formal charge alleging his violation of three institutional rules, to wit: Rule 1.30 — contraband, Rule 1.32 — dangerous weapons and Rule 330.6 — fighting. There followed a superintendent's proceeding which began on August 14, 1981 with an interview of petitioner and continued with additional interviews of employees at the correctional facility. Ultimately, on August 28, 1981, petitioner again appeared before the hearing officer and was informed that the charges against him were affirmed based upon the testimony of correction officers who had been interviewed concerning the incident, and petitioner was ordered confined to a special housing unit for 180 days with the loss of 360 days good time. Upon automatic review by the review board, the disposition was later modified to 90 days in the special housing unit and 180 days loss of good time, and the instant proceeding ensued. Petitioner does not argue that substantial evidence does not support the affirmance of the charges involving possession of contraband and possession of a dangerous weapon. Rather, petitioner's only argument concerning substantial evidence is limited to the charge of fighting. In this regard, the record reveals that at his initial interview on August 14, 1981, when asked about that charge, petitioner replied: "Well, fighting, I'll admit that." In addition, petitioner signed a form indicating his admission to the charge of fighting. These admissions certainly provide substantial evidence to support the finding. Moreover, in our opinion, the record indicates that respondents complied with the requirements of 7 NYCRR 253.4. Specifically, it should be noted that the charges delivered to petitioner on August 13, 1981, fully detailed the incident in question. Further, although he did not wish to call witnesses or be assisted by a counselor, petitioner was given an opportunity to fully explain his position. Finally, the hearing officer followed the terms of 7 NYCRR 253.4 (f) in conducting interviews after hearing petitioner's explanation. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.