■ In the Matter of JULIO KARAMINITES, Respondent, v THEODORE REID, as Superintendent of Fishkill Correctional Facility, Appellant. — In a proceeding pursuant to CPLR article 78 to (1) review a determination of the Superintendent of the Fishkill Correctional Facility finding petitioner guilty of certain stated charges of misconduct, after a superintendent's proceeding, and imposing a penalty therefor, and (2) expunge the mention of such charges and determination from his institutional record, the appeal, as limited by appellant's brief, is from so much of a judgment of the Supreme Court, Dutchess County (Aldrich, J.), dated December 14, 1982, as annulled the determination finding petitioner guilty of the charge of refusing to obey a direct order and imposing penalty therefor and directed that the mention of such charge and determination be expunged from petitioner's institutional record.

Judgment reversed, insofar as appealed from, on the law, without costs or disbursements, and matter remitted to the appellant for further proceedings consistent herewith.

Petitioner, an inmate at the Fishkill Correctional Facility, was charged with creating a disturbance, possessing contra-

band, and refusing to obey a direct order. A superintendent's proceeding was commenced, at the hearing of which petitioner and Correctional Officer Carl Coutard testified.

Officer Coutard testified that on July 28, 1982, at approximately 8:00 P.M., he was walking towards the "porch" in Housing Unit L when he saw petitioner from behind. Petitioner was smoking a substance which Officer Coutard believed to be marihuana.

Officer Coutard further testified that he approached petitioner and informed him that he would have to be frisked. Petitioner then began to create a disturbance by shouting, causing inmates exercising nearby to gather around. Officer Coutard noticed ashes and "a portion of what [he] believed to be marijuana" on the ground in front of where petitioner was standing. Officer Coutard further stated that his cigarette and ashes, when later tested by a sergeant, proved to be marihuana.

Officer Coutard also stated that he and Sergeant Douglas directed petitioner to give a urine specimen so that it could be tested for the presence of the drug. Officer Coutard stated that petitioner refused to give the urine specimen. "He said he [didn't] have anything to prove because, he wasn't smoking".

Petitioner's testimony was that he had not possessed marihuana, but he admitted that he had refused to give a urine specimen. Prior to the hearing, petitioner had made a similar admission before the Adjustment Committee. He remarked "I refused to give a urine sample, I'm no fool".

At the conclusion of the hearing, petitioner was found guilty of the three violations set forth in the formal charge. The penalty imposed was 60 days keep lock and three months loss of good time. Petitioner then commenced this CPLR article 78 proceeding. Special Term granted the petition, finding that substantial evidence was lacking to support the determination. Appellant now argues that Special Term erroneously annulled the determination, finding petitioner guilty of refusing to obey a direct order. We agree.

Although proper foundation for the test results may have been lacking (*see, Matter of Kincaide v Coughlin,* 86 AD2d 893), this deficiency does not invalidate the superintendent's finding that petitioner disobeyed a direct order to submit a urine specimen. Officer Coutard's testimony as to petitioner's refusal, coupled with petitioner's admissions on several occasions, amply support a finding of guilt on this charge (*see, Matter of Boone v Henderson,* 90 AD2d 927).

As the penalty imposed resulted from a determination of guilt on all three charges, two of which have since been dismissed, the

matter should be remitted to the appellant for the imposition of an appropriate penalty. Titone, J. P., O'Connor, Lawrence and Eiber, JJ., concur.