■ In the Matter of HENRY MATTHEWS, Respondent, v WALTER KELLY, as Superintendent of Attica Correctional Facility, et al., Appellants.—Judgment unanimously modified, on the law, by striking the second ordering paragraph and, as modified, affirmed. Memorandum: Petitioner was charged in a misbehavior report with refusing a direct order and refusing to submit to a urine test when he was suspected of using drugs. At his Superintendent's hearing he pleaded guilty to refusing a direct order but not guilty to refusing to submit to urinalysis because, although he had twice refused, he agreed to take the test within the three-hour period prescribed in

inmate rule 113.10. After taking the testimony of several witnesses, the hearing officer found petitioner guilty of both charges.

Pursuant to stipulation of the attorneys, Special Term ordered that the charge of failing to submit to urinalysis be expunged from petitioner's records. The court also ordered the charge of refusing a direct order to be nullified and expunged. That was error.

Petitioner's refusal to submit to the urine test is subject to discipline as a refusal to obey a direct order *(see, Matter of Karaminites v Reid,* 108 AD2d 912, 913, *appeal dismissed* 65 NY2d 784) and, inasmuch as petitioner pleaded guilty to that charge, he cannot now assert that the determination at the hearing was not supported by substantial evidence *(see, People ex rel. Bridges v Smith,* 105 AD2d 1142).

We have examined the other issues raised and find them lacking in merit. (Appeal from judgment of Supreme Court, Wyoming County, Dadd, J.—art 78.) Present—Denman, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.